ROBERTS, J., for the Court:
 

 ¶ 1. A jury sitting before the Adams County Circuit Court found James E. Conner guilty of possession of more than 0.1 gram but less than 2.0 grams of cocaine. The circuit court sentenced Conner as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007) to eight years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. Aggrieved, Conner appeals and raises two issues. First, Conner claims the circuit court erred when it did not grant a mistrial after comments that Conner characterizes as improper comments on the evidence. Second, Conner claims the verdict is contrary to the overwhelming weight of the evidence. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶2. On June 8, 2006, Officer Kenneth Stampley of the Natchez Police Department was tasked with serving Conner with process. Officer Stampley found Conner at a street corner in Natchez, Mississippi. Because there were several people standing around Conner, Officer Stampley requested backup. Officer Shawn King responded.
 

 ¶ 3. While Officer King was making his way to Officer Stampley’s location, Officer Stampley approached Conner on foot. However, Conner ran from Officer Stamp-ley. Officer Stampley chased Conner and eventually caught him by the back of his pants. According to Officer Stampley, Conner threw a pill bottle during the chase.
 

 ¶ 4. By the time Officer King arrived, Officer Stampley had Conner in custody. Officer Stampley told Officer King that Conner had discarded a pill bottle. Officer King found a pill bottle in the area where Officer Stampley said Conner had discarded one. According to Officer King, the pill bottle contained what appeared to be crack cocaine.
 
 [1]
 
 The pill bottle was later sent to the Mississippi Crime Laboratory, where Page Mills, a forensic scientist who specializes in drug chemistry, confirmed that the pill bottle contained eight-tenths of a gram of cocaine.
 

 ¶ 5. During Conner’s trial, the prosecution called Officer Stampley; Officer King; Officer Joseph Belling of the Natchez-Adams Metro Narcotics Unit; Officer Justin Robinson, the crime scene analyst and evidence technician for the Natchez Police Department; and Mills, a forensic scientist employed by the Mississippi Crime Labo
 
 *1213
 
 ratory. Conner’s first issue stems from the circuit court’s ruling that the prosecution would be allowed to introduce the cocaine into evidence during Mills’s testimony. Conner then testified in his own defense. Following his unsuccessful post-trial motion for a new trial, Conner appeals.
 

 ANALYSIS
 

 I. MISTRIAL
 

 ¶ 6. Conner’s first issue stems from the circuit court’s ruling, over Conner’s chain-of-custody objection, that the contents of the pill bottle were admissible evidence. But Conner does not appeal the circuit court’s decision regarding admissibility of that evidence. Instead, this issue focuses on comments that the circuit court made while ruling on the chain-of-custody objection. According to Conner, the circuit court should have granted his motion for a mistrial based on comments that Conner characterizes as improper comments on the evidence.
 

 ¶ 7. When the prosecution requested the circuit court admit the pill bottle into evidence, Conner objected and argued that the prosecution had not submitted a proper chain of custody. Conner’s attorney argued that no one had identified the cocaine as having been in Conner’s possession. The circuit court overruled Conner’s objection. In so doing, the circuit court summarized the chain of custody and then stated as follows:
 

 The Court finds that there’s absolutely no reasonable inference of any type of tampering with this evidence, deliberate or accidental, or any type of substitution of the evidence, and, therefore, the Court will accept this and allow this to be admitted as Exhibit 4 in this case ... — there’s simply no indication or evidence whatsoever of any type of tampering with this other than the normal usual course of business of the evidence being handled....
 

 ¶ 8. Conner’s attorney asked to approach the bench. After an unreported bench conference, the circuit court excused the jury. With the jury outside of the courtroom, Conner moved for a mistrial. According to Conner, the circuit court’s statements were improper comments on the weight and credibility of the evidence. The circuit court denied Conner’s motion for a mistrial and stated the following rationale for its decision:
 

 Let the record show that th[e] motion will be denied for these reasons. The record will speak for itself. First of all, the defendant in a number of occasions ... very strenuously objected to ... the chain of custody ... because ... certain witnesses ... are not present. [Conner also objected because the pill bottle has] not been identified as coming from the defendant. The record will reflect that the Court addressed at no time the circumstance of how this was recovered from the defendant. May [sic] refer to simply the events of these officers recovered it. However, ... [Conner’s] specific objection ... requires the Court to very specifically address ... whether or not there’s any indication of any type of tampering with this evidence in the chain of custody. There is none, and even though Officer [Eric] Kaho [and] ... Melissa Deberry [of the Mississippi Crime Laboratory] [are] not present[,] ... under the case law, it is not an absolutely essential requirement that the State produce everyone in the chain of custody ... from the time [evidence is] taken into custody ... to when it’s tested and returned back[.] [T]hat is the standard, and that’s very clearly what the Court referred to about that, and the Court did not address or make any conclusions about ... how this [evi
 
 *1214
 
 dence] was obtained from the defendant. So for those reasons, the motion will be denied....
 

 Conner asked for a limiting instruction. When the jury returned to the courtroom, the circuit court stated as follows:
 

 Ladies and gentlemen, just before you were asked to retire to the room momentarily, you heard there was an objection made to the introduction of this evidence which is the controlled substance [designated] as Exhibit 4. Objection was made by the defense, and the Court made a ruling on this. The Court’s comments in that ruling dealt with the chain of custody. There were objections made because not everyone who may have actually handled this in the course of this proceeding was ... present to testify.... That’s what the Court’s ruling was that the handling of the chain of custody under the law that it was admissible under the law, and that’s what the Court was referring to.
 

 ¶ 9. Conner claims the circuit court’s limiting instruction to the jury was insufficient to cure what he considers to be inappropriate comments on the weight of the evidence. The decision regarding whether to grant or deny a motion for a mistrial is a matter left to the discretion of the circuit court.
 
 Caston v. State,
 
 823 So.2d 473, 492 (¶ 54) (Miss.2002) (citations omitted). We will overturn the circuit court’s decision if the circuit court abused its discretion.
 
 Id.
 

 ¶ 10. Conner objected to the admissibility of the contents of the pill bottle based on the chain of custody of the evidence. “The test of whether there has been a break in the chain of custody of evidence is whether there is an indication or reasonable inference of probable tampering with the evidence or substitution of the evidence.”
 
 Ellis v. State,
 
 934 So.2d 1000, 1005 (¶ 20) (Miss.2006) (citations omitted). The circuit court correctly addressed the issue of whether there was any indication that the evidence had been tampered with between the time it was seized by law enforcement officers, transferred to the Mississippi Crime Laboratory, and later returned to law enforcement officers. Conner claimed that neither the pill bottle nor its contents had ever been in his possession. The circuit court did not comment on that issue. Consequently, the circuit court’s comments did not influence the jury to apply more weight or credibility to Officer Stampley’s testimony that he saw Conner throw the pill bottle while Conner was attempting to evade Officer Stampley. We find no merit to this issue.
 

 II. WEIGHT OF THE EVIDENCE
 

 ¶ 11. Conner claims the circuit court erred when it denied his motion for a new trial because the jury’s verdict is contrary to the overwhelming weight of the evidence. This Court “will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844 (¶ 18) (Miss.2005). When reviewing the trial court’s denial of a motion for a new trial, the supreme court has further instructed that:
 

 The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. However, the evidence should be weighed in the light most favorable to the verdict. A reversal on the grounds that the verdict was against the overwhelming weight of the evidence, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict....
 
 *1215
 
 Instead, the proper remedy is to grant a new trial.
 

 Id.
 
 (footnote and internal citations and quotations omitted).
 

 ¶ 12. Viewing the evidence in the light most favorable to the verdict, the jury heard testimony that Conner discarded a pill bottle during an attempt to evade Officer Stampley. The jury also heard testimony that the pill bottle contained more than 0.1 gram but less than 2.0 grams of cocaine. Accordingly, we do not find that it would sanction an unconscionable injustice to allow the jury’s verdict to stand. The circuit court did not abuse its discretion when it denied Conner’s motion for a new trial. This issue is without merit.
 

 ¶ 13. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MORE THAN 0.1 GRAM BUT LESS THAN 2.0 GRAMS OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Officer BCing was of the opinion that the pill bottle contained two other substances aside from the substance he believed to be crack cocaine. Because the case presently before us only pertains to Conner’s prosecution for crack cocaine, we will not discuss the other two substances found inside the pill bottle.